a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ARTUR ALEKSANDROVICH SHCHERBININ #A213-181-992, Petitioner | CIVIL DOCKET NO. 1:25-CV-01496 SEC P |
| VERSUS | JUDGE EDWARDS |
| SHAD RICE ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Artur Aleksandrovich Shcherbinin ("Shcherbinin"). Shcherbinin is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He seeks release from detention.

Because Shcherbinin is not entitled to release, the Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.  Background

Shcherbinin is a native and citizen of Russia who entered the United States pursuant to a B2 Visitor Visa on February 8, 2019. ECF No. 1-3 at 3. He was authorized to remain in the United States for a temporary period not to exceed August 7, 2019. *Id.* Because Shcherbinin remained in the United States beyond the authorized period, he was charged as removable under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). *Id.*

On January 27, 2025, Shcherbinin was detained in Mississippi by local police for the alleged possession of a stolen vehicle (semi-trailer truck) and possibly stolen military equipment (located in the truck's attached trailer). *Id.* at 4. Shcherbinin indicated that there had been confusion over the ownership of the vehicle, which he believed was under contract to be purchased. *Id.* He was not charged, but was transferred to the custody of the Department of Homeland Security. *Id.*

Shcherbinin sought release on bond, which was denied on April 25, 2025. The immigration judge considered whether Shcherbinin met his burden of establishing that he: (1) poses no danger to persons or property in the community; or (2) is not a flight risk unlikely to appear for further proceedings. 8 C.F.R. § 1236.1(c)(8). The immigration judge issued a detailed bond memorandum finding that Shcherbinin could not meet his burden of proving that he is not a danger to the community. ECF No. 1-3 at 4. The immigration judge relied on evidence that Shcherbinin was received into immigration custody after being detained by local police for allegedly possessing a stolen vehicle containing military equipment, and his former spouse was issued a protective order against Shcherbinin in 2019 based on allegations of domestic abuse. *Id.* The Board of Immigration Appeals affirmed. *Id.* at 9-12.

Shcherbinin filed a motion for bond reconsideration, which was denied on September 9, 2025. ECF No. 1-3 at 18; ECF No. 1-2 at 1. Shcherbinin asserts that his appeal is pending. *Id.*

Shcherbinin was ordered removed on July 17, 2025, and his appeal of the removal order remains pending.[1]

Shcherbinin alleges that his prolonged detention without a final order of removal violates his right to due process; that he was denied a meaningful bond hearing; his removal is not imminent; "humanitarian equities favor release;" and continued detention places his safety at risk. ECF No. 1 at 6-8.

II.   Law and Analysis

The Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523. The arrest, detention, and release of non-criminal aliens believed to be deportable is governed by § 1226(a), which provides for discretionary detention. *See Nielsen v. Preap*, 586 U.S. 392, 396-97 (2019); *see also* 8 U.S.C. § 1226(a). Section 1226(a) empowers the Secretary of Homeland Security to arrest and hold an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a)(1).

The Secretary has "discretion either to detain the alien or to release him on bond or parole" during the pendency of removal proceedings. 8 U.S.C. § 1226(a)(2). "If the alien is detained, he may seek review of his detention by an officer at the Department of Homeland Security and then by an immigration judge (both exercising power delegated by the Secretary)." *Nielsen*, 586 U.S. at 397 (citing 8 CFR §§ 236.1(c)(8) and (d)(1), 1003.19, 1236.1(d)(1) (2018)). The alien may secure his release

---

[1] https://acis.eoir.justice.gov/en/caseInformation

3

if he can convince the officer or immigration judge that he poses no flight risk or danger to the community. *Id.* (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d); *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006)).

Shcherbinin did not convince the immigration judge that he was no danger to the community, so the judge denied release pending a decision on whether Shcherbinin is to be removed from the United States. The Court lacks authority to review this discretionary decision. Specifically, § 1226(e) provides that the discretionary judgment of the Secretary shall not be subject to review, and no court may set aside any action or decision under this section regarding the detention of any alien or the revocation or denial of bond or parole. *See* 8 U.S.C. § 1226(e); *see also Nielsen*, 586 U.S. at 401; *Kasangaki v. Barr*, 19-CV-465, 2019 WL 13221026, at *2 (W.D. Tex. 2019) ("[T]o the extent petitioner challenges . . . the Attorney General's discretionary decision to detain him without bond pending his removal, this Court lacks jurisdiction to consider his claims."); *Kambo v. Poppell*, 07-CV-800, 2007 WL 3051601, at *10 (W.D. Tex. 2007) ("[T]he Court finds that it does not have jurisdiction to review the decision to deny release on bond itself or the discretionary judgment regarding the application of 1226(a)); *cf., Zadvydas v. Davis*, 533 U.S. 678, 697 (2001) (distinguishing a challenge to the constitutionality of prolonged, continued detention without a bond hearing after entry of a final order of removal from "detention pending a determination of removability").

Although a detainee must be released when removal is "no longer practically attainable" and becomes "indefinite" or "potentially permanent," Shcherbinin's

4

detention does not meet that threshold. Once removal proceedings are completed, he will either be released or removed from the United States. Consequently, Shcherbinin's current detention cannot be characterized as indefinite. *See Kim*, 538 U.S. at 531. Furthermore, Shcherbinin has been detained approximately eight months. This Court and others have found longer periods of pre-removal order detention not unreasonable. *See Atemafac v. Wolf*, 6:20-CV-01697, 2021 WL 1972577, at *2 (W.D. La. 2021), *report and recommendation adopted*, 2021 WL 1964290 (W.D. La. 2021) (12 months); *Barrera-Romero v. Cole*, 2016 WL 7041710, at * 5 (W.D. La. 2016) (20 months); *Kim v. Obama*, 2010 WL 10862140 (W.D. Tex. 2012) (18 months); *Garcia v. Lacy*, 2013 WL 3805730, *5 (S.D. Tex. 2013) (27 months).

Shcherbinin's claim that he was denied bond without an individualized determination of flight risk or danger to the community is belied by the exhibits to his Petition. The immigration judge's detailed bond memorandum and the BIA's opinion provide specific reasons why Shcherbinin failed to establish that his release would pose no danger to the community. ECF No. 1-3 at 4, 9-12. And, as noted above, the Court lacks authority to review the discretionary findings of the immigration judge. 8 U.S.C. § 1226(e).

Shcherbinin's claims that his detention is causing financial and emotional harm to his family and places his safety at risk do not entitle him to release under § 2241. Relief under § 2241 is only available if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

### III. Conclusion

Because Shcherbinin does not establish entitlement to release under § 2241, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, December 9, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE